# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JASON WALLER,

        Petitioner,   :   Case No. 3:15-cv-310

- vs -         District Judge Thomas M. Rose
                             Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional Institution,

                              :

        Respondent.

## DECISION AND ORDER DENYING MOTION FOR STAY

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Stay and Abeyance (ECF No. 10) which the Warden opposes (ECF No. 11).

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the

1

> petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  As *Rhines* indicates, a stay should be granted to permit exhaustion only if Petitioner shows what claims he intends to exhaust and what state court remedies he intends to pursue.  Petitioner has not done that.

Accordingly, the Motion for Stay and Abeyance is DENIED without prejudice to its renewal upon a showing of what claims Petitioner intends to exhaust and what state remedies he intends to pursue.

December 3, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
