# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JASON WALLER,

            Petitioner,    :    Case No. 3:15-cv-310

  - vs -                              District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional Institution,

                                 :

            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition with prejudice ("Report," ECF No. 22). Judge Rose has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 26).

      The Amended Petition in this case pleads eleven Grounds for Relief (quoted in Report, ECF No. 22, at PageID 1423-26). The Report recommended dismissal with prejudice of all claims. *Id.* at PageID 1465. Waller objects to the analysis on only one sub-claim, the conclusion that the first sub-claim of Ground One is procedurally defaulted (Objections, ECF No. 25, PageID 1470). The claim referred to is that the jury instructions were improper in that "The trial court was required to instruct the jury for the inferior offense of aggravated assault and failure to do so constitutes plain error." (Amended Petition, ECF No. 15, PageID 98.)

      Waller raised this claim as his first assignment of error on direct appeal and the Second District rejected the claim in part because Waller's counsel had not preserve an objection for

1

appeal. *State v. Waller,* 2014-Ohio-237, ¶ 35, 2014 Ohio App. LEXIS 217 (2nd Dist. Jan. 24, 2014). The Report concluded this failure was a procedural default which the Ohio courts held against Waller (ECF No. 22, PageID 1434-37).

Waller now argues that his procedural default is excused by the ineffective assistance of trial counsel he suffered when his trial attorney did not preserve this objection for appeal (Objections, ECF No. 25, PageID 1470-71).

Waller is correct that attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). However, the ineffective assistance claim cannot be presented as cause if it also was procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Waller's trial attorney's failure to preserve the jury instruction issue was apparent on the record. Under Ohio law, the claim of ineffective assistance of trial counsel in failing to preserve the error would usually be required to be raised on direct appeal or be barred from being raised later by Ohio's criminal *res judicata* doctrine. *State v. Perry,* 10 Ohio St. 2d 175 (1967). However, *res judicata* does not apply when the same attorney represents a defendant at trial and on appeal. *State v. Lentz*, 70 Ohio St. 3d 527, 529-530 (1994). Therefore Waller could have raised this claim of ineffective assistance of trial counsel in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Waller filed such a Petition raising claims of ineffective assistance of trial counsel (State Court Record, ECF No. 17, PageID 355 et seq.) However, he made no claim that counsel was ineffective in failing to object to the jury instructions, nor did he

appeal when the trial court denied his post-conviction petition. Thus Waller forfeited his claim of ineffective assistance of trial counsel as excusing cause by not presenting it to the Ohio courts. Under *Edwards v. Carpenter, supra,* he cannot now use that failure of trial counsel as excusing cause.

Because the only objection Mr. Waller makes to the Report is not well taken, it is again respectfully recommended that the Petition be DSIMISSED WIUTH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 16, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).